| | |
|---|---|
| 1 | Janel R. Ablon, Bar No. 198678 |
| 2 | jablon@littler.com<br>Chase Parongao, Bar No. 336506 |
| 3 | cparongao@littler.com<br>LITTLER MENDELSON P.C. |
| 4 | 2049 Century Park East<br>5th Floor |
| 5 | Los Angeles, California  90067.3107<br>Telephone:  310.553.0308 |
| 6 | Fax No.:     800.715.1330 |
| 7 | Attorneys for Defendant<br>AMAZON RETAIL LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIC CHO, In Pro Per, | Case No. 2-23-cv-3584 |
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| v. | |
| AMAZON RETAIL, LLC, | |
| Defendant. | Complaint Filed:<br>Los Angeles Superior Court,<br>February 23, 2023 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ARIC CHO, IN PRO PER:**

PLEASE TAKE NOTICE that Defendant AMAZON RETAIL LLC ("Defendant") removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California for the County of Los Angeles. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1441(a) and (b) due to complete diversity of the parties' citizenship.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship because it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

## II. PLEADINGS, PROCESS, AND ORDERS

2. On March 28, 2023, Plaintiff ARIC CHO ("Plaintiff") filed a *pro se* Complaint in Los Angeles County Superior Court entitled *Aric Cho v. Amazon Retail, LLC,* Case No. 23CHCV00504 ("Complaint" or "Compl."). The Complaint generally asserts that Plaintiff was unlawfully terminated for reporting criminal activity. (Compl. at 2).

3. On or about April 10, 2023, Plaintiff served Defendant with a Summons, the Complaint, Civil Action Cover Sheet, Notice of Case Management Conference, and Order on Court Fee Waiver. A true and correct copy of the Complaint is attached as Exhibit A. A true and correct copy of the other items served upon Defendant in this mailing are attached as Exhibit B.

4. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party. To Defendant's knowledge, no other activity or proceedings have occurred in this case in Los Angeles County Superior Court.

### III. TIMELINESS OF REMOVAL

5. This Notice of Removal is timely as it is being filed within thirty (30) days of April 10, 2023, the date Defendant was served the Summons and Complaint, and within one year from the commencement of this action. See 28 U.S.C. § 1446(b).

### IV. DIVERSITY JURISDICTION

6. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

#### A. THE PARTIES ARE COMPLETELY DIVERSE.

##### i. Plaintiff is a Citizen of California

7. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

8. Plaintiff asserts that he is a resident of Northridge, Los Angeles County, California. (Compl. at 1). Accordingly, Plaintiff is a citizen of California.

##### ii. Defendant Amazon Retail LLC Is Not A Citizen of California

9. A limited liability company has the same citizenship as that of its member(s). *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

10. Defendant Amazon Retail LLC is a limited liability company organized under the laws of Delaware. (Declaration of Zane Brown ("Brown Decl."), ¶ 2.) Its sole member is Amazon Retail US Holdings LLC. (*Id.*)

11. Amazon Retail US Holdings LLC is a limited liability company organized under the laws of Delaware. (*Id*., ¶ 3) Its sole member is Walnut Sub Enterprises LLC.

12. Walnut Sub Enterprises LLC is a limited liability company organized under the laws of Delaware. (Id., ¶ 4) Its sole member is Amazon.com Services LLC.

13. Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. (Id., ¶ 5) <u>Its sole member is Amazon.com Sales, Inc</u>.

14. A corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically the corporation's headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

15. Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Washington. (Brown Decl., ¶ 6.) Its corporate headquarters are located in Seattle, Washington. (*Id.*) All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. (*Id.*) Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

16. Based on the citizenship of its member, Defendant Amazon Retail LLC also is a citizen of Delaware and Washington.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

17. Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal

Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted).

18. Although the Complaint is nonspecific, Plaintiff appears to be claiming he was wrongfully terminated. Should he prevail, he may be entitled to damages in the form of past and future lost wages and benefits, emotional distress, and punitive. *See Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 968 (2021), reh'g denied (May 18, 2021), review denied (July 21, 2021) (upholding jury awarding both economic and noneconomic damages in wrongful termination claim); *Rubio v. CIA Wheel Grp.*, 63 Cal. App. 5th 82, 93 (2021) (same with punitive damages). Although Defendant vehemently denies the validity and merits of Plaintiff's claims and the claims for monetary and other relief that flow from them, such damages would plausibly exceed the $75,000.00 threshold.

19. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims (which Defendant denies). *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put

in controversy by the plaintiff's complaint).

### i. **Plaintiff Alleges $1M in Controversy.**

20. "[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart*, 574 U.S. 81 at 87.

21. Plaintiff's Complaint alleges damages of **$1,000,000.00**. (Compl. at 2). Plaintiff has therefore explicitly alleged that the amount in controversy exceeds the jurisdictional threshold.

### ii. **Lost Wages**

22. Plaintiff alleges he earned approximately $27,040 per year, and his employment was terminated on April 8, 2022, making his back pay damages more than **$27,040.00** at the time of removal. (Compl. at 1.)

23. Plaintiff would also be entitled to damages between the date of removal and the date trial, which are properly considered in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) (the amount in controversy is the amount at stake in the underlying litigation and "if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them.").

24. "[D]istrict courts consistently have included as part of the amount in controversy future wages up to the expected date of trial in the action … A projected future trial date within a year of removal has been adopted by other district courts." *Ulloa v. California Newspaper Partners*, No. LACV2011776JAKAGRX, 2021 WL 6618815, at *6 (C.D. Cal. Oct. 21, 2021) (also noting one year for trial is a conservative estimate).

25. At Plaintiff's alleged earnings, a conservative estimate of one year of additional economic pay damages is approximately **$27,040.00.**

### iii. Emotional Distress

26. The potential for emotional distress damages is properly considered in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016). Defendant denies that Plaintiff is entitled to any emotional distress damages in this case. However, emotional distress awards in discrimination cases may be substantial. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). *See also Ko v. The Square Grp. LLC,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. Ct. 2014) (awarding $125,000 for pain and suffering in a FEHA discrimination case); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (collecting cases).

27. In *Kroske*, the Ninth Circuit affirmed the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. *See Plata,* 2016 WL 6237798, *3 (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Based on the conservative estimate from *Kroske* and the foregoing jury verdicts, a very conservative estimate of the emotional distress damages at issue here is at least **$25,000.00**.

### iv. Punitive Damages

28. Punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, *3. Defendant denies that Plaintiff is entitled to any punitive damages in this case. However, punitive damages awards in discrimination

cases may be significant. *Hurd v. Am. Income Life Ins.*, No. CV–13–05205 RSWL–MRW, 2013 WL 5575073, at *7 (C.D.Cal. Oct.10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.").

29. "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). *See also Diaz v. Tesla, Inc.*, 598 F. Supp. 3d 809, 844 (N.D. Cal. 2022), *motion to certify appeal denied*, No. 17-CV-06748-WHO, 2022 WL 2046827 (N.D. Cal. June 7, 2022) (finding 9:1 ratio of punitive to compensatory damages is appropriate as discrimination cases warrant a higher ratio, and listing other discrimination cases approving of 7:1 ratio, 9:1 ratio, and 2:1 ratio); *Simmons*, 209 F. Supp. 2d at 1033 (denying motion to remand as punitive damages, though unspecified, sufficient to meet amount in controversy based on only $25,600 in compensatory damages).

30. Using a conservative estimate of punitive damages equal to four times Plaintiff's specifically alleged compensatory damages, the punitive damages in this case add an additional **$108,160.00** to the amount in controversy.

    **v.**  **Summary of Amount in Controversy**

31. Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, Plaintiff himself sets the amount in controversy at $1,000,000.00—well

2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

in excess of the $75,000.00 jurisdictional requirement. Furthermore, even excluding Plaintiff's damages allegation, when the relief available to Plaintiff is taken as a whole, the amount in controversy, using very conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Alleged Lost Wages | $27,040 |
| Additional Lost Wages | $27,040 |
| Emotional distress | $25,000 |
| Punitive damages | $108,160 |
| Total Amount in Controversy | $187,240 |

## V. VENUE

32. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Los Angeles County Superior Court.

33. Because this matter originated in Los Angeles County Superior Court, the appropriate assignment of this action is to the Western Division of this Court. 28 U.S.C. § 84(c)(2).

## VI. NOTICE OF REMOVAL

34. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to the pro se Plaintiff Aric Cho, 11254 Key West Ave. #1, Northridge, CA 91326.

35. A copy of the Notice of Removal will also be filed with the Clerk of the Los Angeles County Superior Court.

## VII. CONCLUSION

36. WHEREFORE, having provided notice as required by law, the above-

1  entitled action should hereby be removed from the Los Angeles County Superior Court
2  to this Court.

Dated:  May 10, 2023                    LITTLER MENDELSON P.C.

/s/ Chase Parongao
Janel R. Ablon
Chase Parongao

Attorneys for Defendant
AMAZON RETAIL LLC

4860-6474-5056.6 / 114766-1000

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308